UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BENSON,<br>Petitioner,<br>v.<br>WARDEN, FCI HERLONG,<br>Respondent. | No. 2:25-cv-02195-EFB (HC)<br><br>ORDER AND FINDINGS AND RECOMMENDATION |

Petitioner is a federal prisoner proceeding without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In his petition, petitioner requests an immediate transfer to a Residential Re-entry Center (RRC), also known as a Community Corrections Center (CCC). *Id.* Respondent has filed a motion to dismiss[1] and an opposition to the petition, alleging *inter alia* that petitioner has not exhausted his administrative remedies. ECF No. 16. For the following reasons, the court recommends that respondent's motion to dismiss be granted due to petitioner's failure to exhaust administrative remedies.

**I. Background**

On April 26, 2024, petitioner was sentenced to an 180-month sentence for violation of 21 U.S.C. §§ 846, 841(a)(1), Conspiracy to Distribute, Manufacture, and Possess with Intent to

[1] The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer. *See, e.g.*, *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies).

Distribute Methamphetamine; two counts of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Methamphetamine; and 18 U.S.C. § 924(c), Possession of a Firearm in Furtherance of a Drug Trafficking Crime. ECF No. 1; ECF No. 16-1 (Decl. of Jennifer Vickers (Vickers Decl.) at ¶ 2-4). Petitioner is currently incarcerated at the Federal Correctional Institution, Herlong (FCI-Herlong) and has a projected release date of February 22, 2033, via Good Conduct Time (GCT). Vickers Decl. at ¶ 4. Petitioner is currently ineligible to apply for First Step Act (FSA) time credits. *Id.* Petitioner alleges that during his last Program Review, he "was advised that he is not eligible for consideration for RRC/CCC plac[e]ment until 11-13 months prior to projected release date (PBD)." ECF No. 1. Petitioner maintains that pursuant to 18 U.S.C. § 3621(b)[2], he should be transferred to an RRC for the remainder of his sentence.

## II. Standard of Review

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that his or her custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). A federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. A federal prisoner challenging the manner, location, or conditions of the execution of a sentence, as petitioner does here, must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Hernandez v. Campbell,* 204 F.3d 861, 864–65 (9th Cir.2000). The court's habeas jurisdiction extends to claims challenging the BOP's denial of RRC placement. *See Rodriguez v. Smith,* 541 F.3d 1180, 1189 (9th Cir.2008) (affirming district court's grant of habeas relief where petitioner brought habeas corpus petition to compel BOP to immediately consider transferring him to an RRC pursuant to the factors set forth in 18 U.S.C. § 3621(b)).

## III. Analysis

Respondent maintains that the pending petition should be dismissed due to petitioner's failure to exhaust his administrative remedies. ECF No. 16; Vickers Decl. at ¶ 5-7 (confirming

[2] 18 U.S.C. § 3621(b) addresses the place of imprisonment for those in the custody of the BOP. It does not specifically address RRCs/CCCs.

that petitioner has not submitted any administrative remedies requests during his incarceration). Significantly, petitioner does not dispute that he did not pursue any administrative remedies prior to filing his federal court petition. Instead, he argues that exhaustion is not jurisdictional, and that any requirement for exhaustion should be excused because it would be futile. ECF No. 18.

The duty to exhaust administrative remedies in the context of a section 2241 petition is judicially-created. *Brown v. Rison,* 895 F.2d 533, 535 (9th Cir.1990), *overruled on other grounds* by *Reno v. Koray,* 515 U.S. 50, 54–55, 115 S. Ct. 2021, 132 L.Ed.2d 46 (1995); *Ruviwat v. Smith,* 701 F.2d 844, 845 (9th Cir.1983). Although not specifically required by statute, "as a prudential matter" federal prisoners must exhaust available judicial and administrative remedies prior to the filing of a section 2241 petition. *Ward v. Chavez,* 678 F.3d 1042, *2 (9th Cir.2012). "Because exhaustion is not required by statute, it is not jurisdictional." *Brown,* 895 F.2d at 535.

The exhaustion requirement can be waived "if pursuing those administrative remedies would be futile." *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (citing *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991)). Other exceptions to the general exhaustion rule include when administrative remedies are inadequate or ineffective, irreparable injury would result, or administrative proceedings would be void. *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 1981) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (internal quotation marks omitted)). Therefore, if a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id.*

Federal prisons have a specific administrative remedy procedure through which inmates can present their claims relating to any aspect of the inmate's confinement to prison officials. *Martinez v. Roberts*, 804 F.2d 570, 570 (9th Cir. 1986); 28 C.F.R. § 542.10(a). The BOP's Administrative Remedy Program begins when an inmate seeks informal resolution of the issues at the place of confinement. 28 C.F.R. § 542.13. If that fails, the inmate must file a formal written request for Administrative Remedy with the warden. *Id.* at § 542.14. If the inmate is dissatisfied with the warden's response, the inmate may then appeal to the BOP's regional

director. *Id.* at§ 542.15. Next, the inmate can seek review with the BOP's Office of General Counsel. *Id.* The administrative review procedure is completed after a final decision from the Office of General Counsel. *Id.* at § 542.15(a).

Here, petitioner contends the court should waive the exhaustion requirement because "[e]ven had Petitioner filed a grievance at every level of the administrative review process, they would most likely have been rejected based upon the official BOP policy which prohibits consideration of any inmate release to an RRC until the inmate has served at least 90% of his sentence." ECF No. 18. While petitioner did not attach or provide an excerpt from any such policy, he did refer to "BOP Program Statement 7310.04 CCC Criteria and Referral Guideline." The court has reviewed this policy, which is provided online at the BOP's official policy site, and it specifically states that the BOP may place an inmate in a CCC/RRC "for more than the 'last ten per centum of the term'. . . if appropriate." Therefore, BOP Program Statement 7310.04 does not appear to prohibit BOP from releasing an inmate to an RRC/CCC until 90% of a sentence is served.

Petitioner's pleadings do not offer any evidence in support of his allegation that any grievance "most likely would have been rejected", and conclusory allegations of futility do not justify excusing the exhaustion requirement. *See, e.g. Carraway v. Adler*, 2010 WL 289292, at *7 (E.D. Cal. Jan. 15, 2010). As such, petitioner has not demonstrated that the court should waive the exhaustion requirement, and there is no evidence in the record suggesting that BOP should not be given an opportunity to consider the issue fully. *See, e.g. Mendoza v. Matevousian*, 2019 WL 1382493, *3 (dismissing section 2241 petition on failure to exhaust grounds of inmate who claimed that he should be transferred to an RRC and that it would be futile for him to pursue BOP's administrative remedies). Allowing the BOP to evaluate application of the relevant statutory and policy framework "is the point of requiring exhaustion of administrative remedies." *Id.* (citing *Perez v. Wisconsin Dep't of Corr.,* 182 F.2d 532, 536 (7th Cir. 1999) ("As for the possibility that administrative remedies could be declared futile *ex ante*, without ever being tried: what would be the point of asking judges to be seers?")). Because petitioner has not exhausted the available administrative remedies, and has not shown that exhaustion would be futile, this

court recommends that respondent's motion to dismiss be granted.[3] As petitioner is a federal prisoner and seeks habeas relief under section 2241, the court need not consider whether to issue a certificate of appealability. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008).

**IV. Order and Recommendation**

Accordingly, it is HEREBY ORDERED that the Clerk of Court randomly assign a district judge to this action. For the foregoing reasons, it is further recommended that:

1. The motion to dismiss (ECF No. 16) be GRANTED.
2. The petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE; and
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: August 11, 2027

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

[3] Because the court has determined the petition should be dismissed on exhaustion grounds, it need not address respondent's other arguments for dismissal.